CAMPBELL v. BLOUNT et al.

(City Court of New York, General Term.   July 11, 1900.)

TRIAL—ACCOUNT STATED—INSUFFICIENT ALLEGATIONS—IMPEACHMENT—DISMISS-
AL—ERROR.

A complaint did not properly and completely aver an account stated, but objections to insufficiency of pleading were waived, and the answer denied the allegations, and asserted that the account was continuously disputed. On trial, defendants were not permitted to introduce competent evidence to impeach the account stated, and their motion to dismiss at the close of plaintiff's case because no account stated was proved was denied.   *Held* error, since, if there was an account stated, defendants had a right to impeach it, and, if there was no account stated, the complaint should have been dismissed.

Appeal from trial term.

Action by Charles J. Campbell against Frederick R. Blount and another.   From a judgment in favor of plaintiff, and an order denying a motion for new trial, defendants appeal.   Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Ackley & Turner, for appellants.
Ashley, Emley & Rubino, for respondent.

65 N.Y.S.—50

HASCALL, J. While an account stated is not properly and completely averred in the complaint, yet defendants have waived objection to any insufficiency of pleading and answered, denying the allegations, and asserting that they have continued to dispute the account. If there were an account stated, defendants had a right to impeach it. This they were not permitted to do at the trial, being prevented from introducing competent proof tending to show such impeachment. If there were no account stated, shown by the plaintiff when he rested, the complaint should have been dismissed. In either event, we think that the defendants were subjected to erroneous rulings at the trial, of sufficient moment to warrant this appeal; and, their right to review being protected by timely exceptions, they should be awarded a reversal.

Judgment and order denying motion for new trial reversed, and new trial ordered, with costs and disbursements to appellants to abide the event. All concur.